IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EMILY GREEN and JASON GREEN,**                                   **PLAINTIFFS**
**on behalf of a minor child A.G.**

**V.**                                                     **NO. 4:21-CV-32-DMB-JMV**

**WINONA MONTGOMERY**
**CONSOLIDATED SCHOOL DISTRICT**                             **DEFENDANT**

**ORDER**

Before the Court are Winona Montgomery Consolidated School District's two motions to seal. Docs. #16, #19.

**I**
**Procedural History**

On April 22, 2021, Emily Green and Jason Green, on behalf of their minor daughter A.G., filed a motion for preliminary injunction. Doc. #14. The motion alleges that the defendant, Winona Montgomery Consolidated School District, is wrongfully refusing to allow A.G., who has cerebral palsy, to use her walker at school and that this refusal is causing ongoing and irreparable harm. *Id*. at 1, 7. The Court directed the School District to respond to the motion on or before April 29, 2021. Doc. #15.

On April 29, 2021, the School District filed a motion to seal its response to the motion for preliminary injunction. Doc. #16. As grounds, the motion to seal represents that "certain attachments to [the response] include photographic images and video recordings containing sensitive information regarding the medical condition of A.G. [and] include other minor children, as well." *Id*. at 1. Later that day, the School District filed on the public docket its response and

three exhibits (labeled as Exhibit 5, Exhibit 11, and Exhibit 12). *See* Doc. #17. The defendants also filed a supplemental motion to seal and accompanying memorandum. Docs. #19, #20.

## II
## Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). The public right of access to judicial materials has two sources: the common law's presumption of a right to access and the more stringent First Amendment right of access. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 390 n.1 (5th Cir. 2017) ("The First Amendment right of access and the common law qualified right of access differ in significant ways.").

Under the First Amendment, access to judicial materials may be restricted only if "necessitated by a compelling governmental interest[] and is narrowly tailored to serve that interest." *Sealed Search Warrants*, 868 F.3d at 390 n.1. To determine whether a First Amendment right of access exists, a court must consider "(1) whether the proceeding has historically been open to the public and press; and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *Id*. (internal quotation marks omitted). "[A]bsent a finding of a First Amendment right of access, the Supreme Court has articulated a qualified right of access to judicial documents that is born from the common law." *Id*. In deciding whether to seal records under the common law, a district court "must balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). In considering these competing interests, a court must apply a "presumption in favor of the public's common law right of access to court records." *Id*.

# III
# Analysis

As mentioned above, the School District filed a motion to seal and a supplemental motion to seal. *See* Docs. #16, #19. To the extent the supplemental motion appears to supersede the original motion, the original motion will be denied as moot.

Turning to the supplemental motion, the Court notes that while the motion itself seeks "leave to file [the] Response to Preliminary Injunction under seal," Doc. #19 at 2, the accompanying memorandum addresses only the propriety of sealing from public access nine supporting exhibits, *see* Doc. #20. Given the arguments in the memorandum and the fact that the response itself was filed on the public docket, the Court interprets the motion as seeking only to seal from public access the exhibits addressed in the memorandum. These exhibits are (1) a November 5, 2020, letter from William C. Warner, Jr., M.D., regarding A.G. (Exhibit 1); (2) a December 10, 2020, letter from Warner regarding A.G. (Exhibit 2); (3) an affidavit of Erika Bennet (Exhibit 3); (4) an affidavit of Carla Hill (Exhibit 4); (5) a photograph of A.G. (Exhibit 6); (6) a photograph of A.G. and classmates on a playground (Exhibit 7); and (7) social media photographs of A.G. and other children (Exhibit 8, Exhibit 9, and Exhibit 10). Doc. #20 at 1–4. The School District argues that Exhibits 1, 2, and 3 should be sealed from public access because they are medical records or include A.G.'s medical records and that the remaining exhibits should be sealed because they are photographs of minor children. *Id*.

The First Amendment right of access applies to documents related to motions seeking preliminary injunctive relief. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1074 (3d Cir. 1984); *Senderra Rx Partners, LLC v. Blue Cross Blue Shield of N.C.*, No. 1:18-cv-871, 2019 WL 9633640, at *2 (M.D.N.C. July 26, 2019) (same) (collecting cases). Accordingly, the Court must decide whether sealing the exhibits from public access is narrowly tailored to the allegedly

compelling interests identified by the School District. A motion to seal is not narrowly tailored "where the moving party's interests can be adequately served by filing a more narrowly tailored motion to seal," such as one seeking redactions. *Liberty Int'l Underwriters, Can. v. Scottsdale Ins. Co.*, No. 12-4934, 2018 WL 2973454, at *2 (D.N.J. June 12, 2018) (collecting cases); *see In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2021 WL 1415121, at *4 (S.D.N.Y. Apr. 14, 2021) ("[T]here is no basis to keep the documents at issue under seal in their entirety; there may, however, be a basis to redact information (for example, any identifying information regarding the minor Plaintiffs).").

Ordinarily, there is a compelling governmental interest in protecting medical records of minor children. *J.M. v. Oakland Unified Sch. Dist.*, No. 17-cv-4986, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018). However, interests in sealing are diminished where the minor is not identified on the docket. *See Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005) (citing *Doe v. Methacton Sch. Dist.*, 878 F. Supp. 40, 43 (E.D. Pa. 1995)). The interest is further diminished where the information to be sealed is already part of the public record. *See Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (collecting cases).

Here, A.G.'s identity does not appear on the docket. Furthermore, the medical information in Exhibit 1 and Exhibit 2—that A.G. needs a walker due to certain medical conditions—is already on the public docket in this case. Given these facts, the Court concludes there is no compelling governmental interest in sealing Exhibits 1 and 2. Such documents, therefore, should not be sealed based on their status as medical records.

However, while Exhibits 1 and 2 are not medical records, they refer to A.G. by name, which violates the compelling interest of protecting a minor child's identity. *In re Flint Water Cases*, 2020 WL 8671924, at *2 (E.D. Mich. Nov. 30, 2020). This fact, however, does not justify

4

sealing the exhibits in their entirety. Rather, redacting A.G.'s name is the proper means for protecting such information.

Exhibit 3 is a composite exhibit which contains documents other than medical records. Specifically, the exhibit is an affidavit from Erika Bennett, one of A.G.'s teachers, which incorporates six attachments: (1) "a written memorandum that [Bennett] prepared regarding some of the events that are the subject of the" motion for preliminary injunction (Exhibit 3(a)); (2) a "written memorandum that [Bennett] prepared regarding … interactions with A.G. and her mother" (Exhibit 3(b)); (3) a copy of Exhibit 1 (Exhibit 3(c)); (4) a copy of Exhibit 2 (Exhibit 3(d)); (5) a photograph of A.G.'s desk (Exhibit 3(e)); and (6) another photograph of A.G.'s desk (Exhibit 3(f)). While both photographs include pictures of children, neither shows a child's face.

Of the documents comprising Exhibit 3, only Exhibit 3(c) and Exhibit 3(d) may properly be considered medical records. However, for the reasons above, the Court concludes that such documents should not be sealed in their entirety but must be filed with A.G.'s name redacted. With the exception of references to A.G.'s full name in Exhibit 3(a) and Exhibit 3(b), the remaining portions of Exhibit 3 do not appear to contain any information which would implicate a compelling government interest. Thus, the Court concludes that the request to seal Exhibit 3 is not narrowly tailored because the interests in non-disclosure may be served by redacting the references to A.G. by name. Exhibit 3 should be filed on the public docket with such redactions.

The School District's remaining requests to seal relate to images of minor children, including A.G. To be sure, the images of A.G. implicate the compelling governmental interest in protecting her identity and the images of other minor children implicate the compelling government interest in protecting such children's identities. *In re Flint Water*, 2020 WL 8671924,

at *2. However, these interests may be served by redacting the faces of the children in the photographs. Accordingly, sealing the documents in their entirety is unwarranted.

## IV
## Conclusion

The School District's original motion to seal [16] is **DENIED as moot**. The supplemental motion to seal [19] is **DENIED**. No later than May 3, 2021, the School District shall file on the public docket and with appropriate redactions the remaining exhibits to its response to the motion for preliminary injunction.

**SO ORDERED**, this 30th day of April, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**